**Paul N. FORREST, Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Appellee.**

**No. 76–2031.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 15, 1978.

Decided Jan. 18, 1979.

J. N. Harman, III, Philadelphia, Pa., for appellant.

Ms. Michael Leonard, Asst. Regional Atty., Dept. of HEW, Philadelphia, Pa. (Stephanie W. Naidoff, Regional Atty., Marianne P. Flood, Asst. Regional Atty., Region III, Dept. of HEW, Philadelphia, Pa., John A. Field, III, U. S. Atty. and H. Marshall Jarrett, Jr., Asst. U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

PER CURIAM:

Paul N. Forrest sought review of a final decision by the Secretary of Health, Education, and Welfare that awarded him disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423, but fixed the onset of his disability at May 22, 1974, rather than October 6, 1972, as he requested. The district court found substantial evi-

dence to support the Secretary's decision as to the date of onset, and Forrest appealed.

The Social Security Act provides benefits to persons disabled by a medically determinable physical or mental impairment. 42 U.S.C. § 423. In deciding whether a particular impairment has disabled a person from engaging in gainful employment, the Secretary must consider all the facts of the case. 20 C.F.R. § 404.1502(a). Special consideration is afforded a person whose age, education, and long employment as an unskilled laborer make him a poor prospect for further employment. 20 C.F.R. § 404.1502(c). The predicate for any favorable consideration, however, must be a medically determinable impairment as required by 42 U.S.C. § 423(d)(1)(A). The Secretary has found that Forrest did not show his impairment was medically determinable until May 22, 1974. Since the Secretary's finding is supported by substantial evidence, we uphold his conclusion and affirm the judgment of the district court.

AFFIRMED.

K. K. HALL, Circuit Judge, dissenting:

I think the evidence shows that the claimant was unable to perform his usual strenuous coal mine work at the time he quit working in 1972, entitling him to consideration of his claim under 20 C.F.R. § 404.-1502(c). Because the claim has not been evaluated under that section, I would remand it to the Secretary. Therefore, I must dissent.

In 1972, claimant, whose lifelong work was arduous coal mine employment,[1] quit working and applied for Social Security disability benefits. He was 53 years old. He had only six years of formal education and was of "borderline intelligence" with a measured I.Q. of 76. He was obese, had poor vision and significant orthopedic impairments, and suffered from pneumoconiosis. He had a constant quiver in his hands and was taking tranquilizers for "his nerves" as he had done for a number of years. In 1972, he was found to be totally disabled by the Veterans Administration.

In 1974, just before his Social Security hearing, claimant was medically diagnosed as being totally disabled for any kind of employment because of his psychiatric condition—no reference was made to his physical impairments. The physician's report failed to state when the psychiatric condition had become totally disabling.

The Administrative Law Judge discounted the diagnosis of total psychiatric disability and the earlier V.A. determination of total disability, finding that, despite his various impairments, claimant retained a residual capacity to perform jobs of a "sedentary or light nature outside of coal mine employment."[2] He did not discuss claimant's age, low I.Q., limited education or lifelong work at arduous labor.[3] In particular, he did not cite to the requirements of § 404.1502(c) which sets out special considerations of total disability to be afforded to persons whose age, intelligence and background make them unusually poor prospects for vocational rehabilitation and new employment.

On appeal, the Secretary had claimant re-examined by a physician and a clinical psychologist, both of whom wholeheartedly confirmed the first diagnosis of total psychiatric disability. The Appeals Council reversed the ALJ's decision and awarded benefits based solely upon claimant's psychiatric condition; however, without explanation, it held that claimant had *not* been totally disabled at any time before the date of his diagnosis of psychiatric disability.

---

1. Claimant alleged 33 years of coal mine employment beginning when he was 16 and interrupted only by a four year stint in military service. For about five years he owned his own truck and had several men working for him digging coal; he worked along with them.

2. This is the predicate to consideration under § 404.1502(c) as referred to by the majority.

3. The record does not show what "light" work claimant was able to perform. When he stopped working on his own in 1970, he took a job working at physical, unskilled labor for a coal operator at $2.50 per hour, earning about half his previous income. He worked as a laborer for about 20 months until he quit working altogether in October, 1972.

The Appeals Council noted that the claimant suffered from visual, orthopedic and other physical impairments but found none of them to be totally disabling. It did not overrule the ALJ's findings that claimant could perform light work outside coal mine employment. Like the ALJ, the Appeals Council failed to consider the composite of claimant's mental and physical disabilities at the time he quit working in 1972 in light of his unusually poor prospects for finding new employment as required by § 404.1502(c).

That section is applicable to the situation where, as here, claimant has a marginal education and long work experience as an unskilled laborer and is found to be unable to continue those labors. Claimant's mental and physical impairments, standing alone, may not have been totally disabling in 1972, but the Secretary is required to consider these impairments as forming a composite disability when determining whether and at what time claimant's impairments, skills, and abilities make him unable to perform substantial gainful employment. This evaluation has never been performed in the six-year history of this case.

Although the record would support a finding that claimant was totally disabled for all gainful employment reasonably available to him when he quit working in 1972, such a finding is one for the Secretary and not for the courts. Therefore, I would remand this case to the Secretary for consideration of claimant's case in light of § 404.1502(c).